UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF YONATHAN DONALDO SANTOS ZELAYA,<br><br>    Petitioner,<br><br>v.<br><br>DANIEL A. BRIGHTMAN, in his official capacity as Field Office Director of the Immigration and Customs Enforcement, Enforcement and Removal Operations San Diego Field, Office, et al.,<br><br>    Respondents. | Case No.: 25cv3489-LL-DDL<br><br>**ORDER DISMISSING PETITION AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>[ECF Nos. 1, 2] |

Presently before the Court is Petitioner Yonathan Donaldo Santos Zelaya's Petition for Writ of Habeas Corpus under 8 U.S.C. § 2241 (ECF No. 1). Also before the Court is Petitioner's Ex Parte Application for Temporary Restraining Order (ECF No. 2). For the reasons set forth below, the Court **DISMISSES** the Petition (ECF No. 1) and **DENIES AS MOOT** the **TRO** (ECF No. 2).

I.   **Background**

Petitioner, a citizen of Honduras, brings this Petition for Writ of Habeas Corpus against Respondents arising from the imposition of "more restrictive custody conditions on Petitioner without providing any justification, despite there being no change in

circumstances." Pet. ¶ 5. Petitioner also contends that Respondents "continued custody of Petitioner, and the conditions thereof, violate the Fifth Amendment because the conditions constitute punishment, or alternatively, are excessive relative to their regulatory purpose." *Id*. ¶ 6. Specifically, Petitioner contends:

> [He] was released on bond on or about November 18, 2015 and from that date to present he has been constructively detained through his OSUP [Order of Supervision]. He has been living in the San Diego county, complying with his annual check-ins. No issues surrounding Petitioner's check-ins have occurred and none have been alleged.
>
> On November 14, 2025, Petitioner was placed in an ATD ISAP [Alternatives to Detention, Intensive Supervision Appearance Program], and, as delineated in 'Section VI. Factual Allegations,' the conditions of his custody drastically intensified. On November 17, 2025, ICE agents went to Petitioner's house to take his photo. On November 19, 2025, Petitioner attended his ICE check-in appointment with undersigned counsel. On November 25, 2025 and December 3, 2025, Petitioner attended his ICE office check-ins. Between November 14 and December 3, 2025, he was required to attend four check-ins, including an in-home visit, a sudden and dramatic escalation from his prior annual check-in, with all events occurring in just sixteen days.
>
> Respondents have scheduled Petitioner for two check-ins before the New Year, two in January, two in February and one in March, alternating between office and home visits. For the home visits, Petitioner must be at home from 7 am to as late as 6 pm to wait for the ICE officers to come to his home.
>
> Respondent's increased custody conditions are unwarranted because there has been no change in circumstances. The increased conditions are therefore punitive and excessive in relation to their purpose. There are less harsh methods that were previously in place and that functioned well from his release on November 18, 2015 to present, totally over ten years. Accordingly, the increase in custody conditions violates the Fifth Amendment because it does not serve a purpose other than to punish Mr. Santos Zelaya. Any attempt to return Petitioner to physical custody would violate the Fifth Amendment's Due Process clause as well as 8 U.S.C. § 1231(a)(6) post-final order custody limits, especially if it for the purpose of removing him to Mexico without any safeguards in place. Arbitrary or punitive re-detention is unlawful under the Due Process Clause and controlling precedent.

Pet. ¶¶ 40-45.

Accordingly, Petitioner requests his immediate release without any Order of Supervision and enjoining re-detention absent a "constitutionally adequate" pre-deprivation hearing. Pet. at Prayer for Relief ¶ 2. Alternatively, Petitioner seeks an Order to Show Cause directing Respondents to justify any continued placement under an Order of Supervision and any threatened re-detention. *Id.* ¶ 3. Finally, Petitioner seeks that the Court "[d]eclare that any continued or threatened deprivation of Petitioner's liberty – including re-detention after his grant of withholding of removal under the Convention Against Torture – violates 8 U.S.C. § 1231, its implementing regulations and the Due Process Clause of the Fifth Amendment." *Id.* ¶ 4.

Respondents oppose on the basis that Petitioner's claims are barred by 8 U.S.C. § 1252. ECF No. 6 at 4 (hereinafter "Oppo."). Respondents also argue that Petitioner fails to establish entitlement to injunctive relief under the *Winter* factors. *Id.* Respondents also contend that the issue giving rise to Petitioner's requested relief is not ripe because:

> [I]t would be premature at this stage to declare any potential re-detention or third country removal of Petitioner to arise to a constitutional violation. Petitioner states that on November 19, 2025, he attended an appointment with ICE with his attorney, during which time the ICE officer stated that 'it was the intention of the officer in charge of Petitioner's case to take Petitioner into custody at the next check-in date, December 3, 2025.' ECF No. 1 at ¶ 29. Yet, during his next check-in with ICE, on December 3, 2025, Petitioner acknowledges that he was not detained. *Id.* at ¶ 30.
>
> Petitioner is not yet detained. It would therefore be speculative to determine what ICE will or will not do in the future, when and how re-detention will occur, and the circumstances under which any potential re-detention will occur.

Oppo. at 4-14. (internal citations omitted).

## II. Legal Standard

District courts may exercise jurisdiction over habeas petitions pursuant to 28 U.S.C. § 2241 where the petitioner "is in custody in violation of the Constitution and laws or treaties of the United States." 28 U.S.C. § 2241(c) ("The writ of habeas corpus shall not

extend to a prisoner unless [h]e is in custody."); *see also Jones v. Cunningham*, 371 U.S. 236, 240 (1963) ("History, usage, and precedent can leave no doubt that, besides physical imprisonment, there are other restraints on a man's liberty, restraints not shared by the public generally, which have been thought sufficient in the English-speaking world to support the issuance of habeas corpus."). "The party seeking relief bears the burden of establishing jurisdiction." *Pinson v. Carvajal*, 69 F.4th 1059, 1063 (9th Cir. 2023). "[T]he Ninth Circuit has long held that [ ] 'the writ of habeas corpus is limited to attacks upon the legality or duration of confinement.' " *Pinson*, 69 F.4th at 1065 (citing *Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979)), *cert. denied sub nom. Sands v. Bradley*, 144 S. Ct. 1382 (2024); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("It is clear ... from the common-law history of the writ ... that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody.").

### III.   Discussion

The Court finds that the threshold question here is whether Petitioner's claim is ripe for the Court's review. Article III of the Constitution requires district courts to adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. No case or controversy exists if a plaintiff lacks standing or if a case is not ripe for adjudication, *see, e.g., Thomas v. Anchorage Equal Rights Comm'n,* 220 F.3d 1134, 1139 (9th Cir. 2000) (en banc), and consequently a federal court lacks subject matter jurisdiction. *See, e.g., White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000)

The Court finds that Petitioner's request for relief is not ripe for review, and the Court thus lacks subject matter jurisdiction. "For a case to be ripe, it must present issues that are definite and concrete, not hypothetical or abstract." *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F. 3d 665, 669 (9th Cir. 2005).

Here, Petitioner fails to sufficiently allege an injury or threat of injury because Petitioner's alleged threat of future injury is too speculative and unripe. For example, Petitioner alleges that "[o]n November 19, 2025, he attended his ICE check-in appointment with [his attorney]" and "the ICE officer stated that it was the intention of the officer in charge of Petitioner's case to take Petitioner into custody at the next check-in date, December 3, 2025." Pet. ¶ 29. However, Petitioner states that on December 3, 2025, he attended his ICE check-in appointment with his attorney, and "he was not physically detained." *Id*. ¶ 30. Petitioner alleges that he has upcoming appointments with ICE on January 6, 2026, January 20, 2026, February 3, 2026, February 17, 2026, and March 3, 2026. *Id*. ¶ 31. To the extent Petitioner challenges his future detention and/or arrest at another physical appointment, the Court finds Petitioner fails to present sufficient allegations or evidence of the threat of future injury to confer subject matter jurisdiction. *See, e.g., Yesica L. Boza v. Pamela Bondi, et al.,* 25-cv-3526-AGS-SBC, ECF No. 6 at 1–2 (denying motion for temporary restraining order in connection with petitioner's scheduled adjustment of status interview because petitioner "fail[ed] to establish that she is likely to suffer imminent harm"). *De Anda v. Ford Motor Co., Inc*., 668 F. Supp. 3d 976, 985 (C.D. Cal. 2023) ("If a case is not ripe for adjudication, then courts lack subject matter jurisdiction and should dismiss on that basis."); *Temple v. Abercrombie*, 903 F. Supp. 2d 1024, 1030 (D. Haw. 2012) (stating "[n]o case or controversy exists if a plaintiff lacks standing or if a case is not ripe for adjudication ... and consequently a federal court lacks subject matter jurisdiction").

///
///
///
///
///
///
///

Accordingly, the Court **DISMISSES** the Petition (ECF No. 1) and **DENIES AS MOOT** the TRO (ECF No. 2). The Clerk of Court shall close the case file.

**IT IS SO ORDERED**.

Dated: January 6, 2026

Honorable Linda Lopez
United States District Judge